## Sharon School District et al. v. Mercer County Poor Board

*Armstrong & Brockway*, for petitioners; *Edwin Moon*, for respondents.

McLAUGHRY, P. J., January 7, 1932.—The School Districts of Sharon, Farrell and Sharpsville petitioned the court for a rule on J. P. Griffith, J. H. McKean

and J. C. McDowell, the directors of the poor, to show cause why they should not furnish clothing and food to indigent school children who are of compulsory school age and living within said school districts. A rule was granted as prayed for and a hearing held. It is apparent from a reading of the petition presented that the petitioners are asking the court to make an order directing the directors of the poor to furnish food and clothing to school children of compulsory school age who do not have the necessary food and clothing to attend school, after investigations showing such necessity.

The petitioners base their right to have such order made upon section 1424 of the School Code (Act of May 18, 1911, P. L. 309), which reads as follows:

"Whenever the board of school directors, or the attendance officer, superintendent, supervising principal or secretary of any board of school directors, in this Commonwealth, ascertains that any child between eight and sixteen years of age, who is by the provisions of this act required to attend the public schools in the district over which such board of school directors has control, is unable to do so, on account of lack of necessary clothing or food, such case shall be promptly reported to any suitable relief agency operating in the school district, or, if there be no such suitable relief agency to which the case can be referred, it shall be reported to the proper directors or overseers of the poor for investigation and relief."

The above section of the School Code is directed to the board of school directors and places certain obligations upon them. It directs that when the school directors have knowledge that a child between eight and sixteen years of age is unable to attend school on account of lack of necessary clothing or food, such case shall be reported to "any suitable relief agency operating in the school district," and if there be no such suitable relief agency to which the case can be referred, the case shall be reported to the "proper directors or overseers of the poor for investigation and relief." The law here places a duty upon the board of school directors and upon them only. It does not pretend to place any duty upon the relief agency nor upon the directors or overseers of the poor. When the school directors have reported such case, they have complied with the law, and there is no further obligation upon them.

It cannot be contended that where there is a suitable relief agency in the school district and the board of school directors has reported cases to such relief agency, the court could direct such relief agency to investigate and furnish relief if necessary.

The question now before the court is whether it is the duty of the directors of the poor, upon receipt of orders from the board of school directors for food and clothing for school children who are of compulsory school age, to investigate the cases and furnish food and clothing if, in the opinion of the directors, such relief is necessary. In this case, it is conceded that the school directors performed the duties imposed upon them by law and that there is a relief agency operating in the school district, and the relief agent refuses to investigate and furnish relief; and although the directors of the poor have made investigation and given relief in some cases brought to their attention by the board of school directors heretofore, they now decline to do so and deny the court has any authority to make an order directing them to investigate and grant relief when requested by the school officials.

The directors of the poor are subject, in the discharge of their duties, to legislative authority for the expenditure of public funds. Section 600 of The General Poor Relief Act of May 14, 1925, P. L. 762, provides as follows:

"The directors of the poor of districts coextensive with the county are hereby declared to be county officers and subject in the discharge of their duties and obligations as directors of the poor to all the general laws relating to county officers."

Counsel for the petitioners has offered no statute, and we are unable to find any statute, that requires the directors of the poor to investigate and grant relief upon request of the board of directors of a school district. The legislature, however, has enacted statutes relative to the duties of the directors of the poor. Section 900 of The General Poor Relief Act of 1925 provides as follows:

"It shall be the duty of the directors of every district from time to time to provide, as is herein directed, for every poor person within the district having a settlement therein who shall apply to them for relief where such directors are satisfied upon investigation that such relief is necessary."

The statute here states that it is the duty of the directors to provide for every poor person who shall apply to them for relief, where relief is necessary and the applicant has a settlement in the district.

It is apparent that before a duty is imposed upon the directors of the poor there must be an application by the individual in need of relief. When such application is made, there are other things to be determined before relief is granted. They must ascertain whether or not the applicant is a "poor person" within the meaning of the statute and whether or not the individual has a "legal settlement" within the district in charge of the directors of the poor.

We are of the opinion that the directors of the poor are legally obligated to make investigation and furnish relief only upon the personal application of the individual desiring the same, and that section 1424 of the School Code is not legal authority making it mandatory upon the directors of the poor to make investigation and furnish relief upon report of such cases. This part of the School Code has been placed there in order that provision may be made whereby the board of school directors cannot be held for further responsibility in case of the failure of children of compulsory school age to attend school. If the child of compulsory school age is sufficiently provided with the necessities of life, but fails or refuses to attend school, the school authorities have further duties to perform under the law in compelling such child to attend.

If, in the judgment of the school authorities, a child cannot attend school because of the lack of necessary clothing or food, then the obligation of the board of school directors is concluded when they report the same to a relief agent and the overseers of the poor. Other laws are enacted to be followed by the directors of the poor in their expenditure of the public money, and these are the laws that are under consideration of the court in disposing of a petition such as we have here.

It is unfortunate, of course, where children must be kept out of school on account of lack of food and clothing, but we believe that in most cases they will receive proper attention. We are of the opinion, however, that we have no authority under the law to order the directors of the poor to comply with the prayer of the petitioners.

### Order

And now, January 7, 1932, this matter came before the court on a rule to show cause why relief should not be granted to those residents of the school districts who are of school age but unable to attend, through the financial inability of the persons responsible for their care to provide proper necessities, to enable them to attend school, and was argued by counsel; whereupon, after due consideration, the rule is discharged.